UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CALVIN WENDALL HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11-CV-1705-RWS |
| | ) | |
| TRICIA A. CLAYTON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Calvin Wendall Hall (registration no. 171697) for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $2.05. See 28 U.S.C. § 1915(b)(1). Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. See 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $10.25, and an average monthly account balance of $.70. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $2.05, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## The Complaint

Plaintiff, an inmate at the Eastern Reception Diagnostic and Correctional Center, seeks monetary relief in this 42 U.S.C. § 1983 action against defendant Tricia A. Clayton, a registered nurse at Christian Hospital Northeast. Plaintiff alleges that defendant yelled at him and physically abused him "by pulling on [his] left bicep . . . and yanking on [his] arm."

To state a federal claim under § 1983, a plaintiff must first establish that a person acting under color of state law committed actions which violated his constitutional rights. See, e.g., Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 328 (1986). Defendant Clayton is not alleged, nor does she appear, to be a "state actor" within the meaning of § 1983. Thus, plaintiff has not asserted a claim that arises under federal law. Moreover, plaintiff's allegations simply do not rise to the level of a constitutional violation and fail to state an Eighth Amendment claim. See Estelle v. Gamble, 429 U.S. 97, 106 (1976)(plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs). For these reasons the Court will dismiss this action, without prejudice.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $2.05 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to

issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 26th day of October, 2011.

_____
**RODNEY W. SIPPEL**
**UNITED STATES DISTRICT JUDGE**